PER CURIAM.
We make a summary disposition of this appeal.
The contract between the parties and the electrical contractor’s design plans (which were based on the owner’s architectural plans which were referred to in the contract) on which the electrical permit was issued, both clearly and without ambiguity, refer to, and contemplate that, the electrical transformers were to be in vaults rather than on pads. The trial court’s finding that the contract was ambiguous on this point, and the admission of parol evidence on this issue, was error, as also was the finding that the contract required electrical service from pad mounted transformers rather than transformers in vaults.
It was established without question that the appellee, Brittany-Melbourne I, Limited, the entity that contracted with the electrical contractor, was a limited partnership and the owner of the real property in question. It was also established beyond question that the electrical contractor’s affidavit and claim of lien was mailed to, and received by, W. Bryan Johnson, who was a limited partner in Brittany-Melbourne I, Limited, and the agent of Brittany-Melbourne I, Limited, who, on behalf of that limited partnership, entered into the contract with the electrical contractor. Another copy of the same contractor’s affidavit and claim of lien was also mailed to, and received by, Magna Properties, Inc., an admitted general partner in the limited partnership of Brittany-Melbourne I, Limited. We hold, as a matter of law, that this was sufficient to establish service and delivery of the claim of lien as required by section 713.18(l)(c), Florida Statutes.
REVERSED AND REMANDED for further proceedings in accordance with this opinion.
COBB, C.J., and FRANK D. UP-CHURCH, Jr. and COWART, JJ., concur.